HAWKINS, Presiding Justice,
for the Court:
Cedric Martin appeals the holding of the Scott County Circuit Court finding that MidSouth Rail was entitled to a summary judgment against Martin. The circuit court found that Martin’s personal injury claim included no genuine issues of material fact and that MidSouth Rail and its employees were entitled to a judgment as a matter of law. We affirm.
PACTS
On September 4,1987, a train owned and operated by MidSouth Rail, the MS-5, was traveling east to west on the main-line track in Forest, Mississippi. The MS-5 consisted of approximately seventy-five (75) cars and traveled under the overpass of Highway 35 in Forest. The MS-5 was scheduled to stop and pick up twenty-one (21) additional railcars about one-half mile west of the Highway 35 overpass, and was decelerating and traveling slowly at the time it went under the overpass. The engineer, Mickey J. Gough, the conductor, Chester Duett, and the brakeman, R. Buchanan, were all located in the cab of the lead locomotive. As the lead locomotive traveled under the overpass, the three crewmembers kept a careful lookout for persons or cars near the track. None of the three crewmembers saw any children playing near the Highway 35 overpass or near the railroad track.
After the lead locomotive had traveled under Highway 35 and continued westward, several children, including Cedric Martin, ran toward the middle of the train as it passed under the overpass. The children frequently played on a hill located near the Highway 35 overpass and the MidSouth tracks.
A child named “Hook” jumped onto the side of a moving railcar located in the middle of the train, held on for a moment, and then jumped off. Martin, a seven-year-old, saw Hook hop on and ride the train, so he did the same thing.
Martin jumped on a moving tanker car located in the middle of the train and rode it for a short distance. Martin jumped off the train but remained standing close to the tracks. His shoelace became tangled in the train wheel. Martin jumped back on the train in an attempt to free his foot. He was unable to remove his shoe and the wheel severed his leg just above the ankle.
On the day of the accident, none of the trainmen saw any children on or near the track or in the vicinity of the train as it traveled under the Highway 35 overpass. None of the crewmembers had ever seen or known of children trying to jump on moving trains passing through Forest, Mississippi. None of the crewmembers saw or were aware that Hook or Martin were jumping on the train. At the time Martin was injured, the front of the train had passed so far from where the children were that it was impossible for MidSouth’s employees to see them jumping on the train. None of the train’s crewmembers saw Martin’s unfortunate accident or even knew that Martin had been injured until several days later.
The circuit court found that Martin’s complaint failed to state a cause of action and dismissed the claim on MidSouth’s summary judgment motion. Martin appeals.
LAW
The circuit court correctly dismissed this cause of action. The servants of a railroad company in charge of its train are under no duty to keep a lookout for trespassers on the railroad track and are required only to exercise reasonable care to prevent injuring a trespasser after they have discovered and realized his peril. Maxwell v. Illinois Central Gulf Railroad, 513 So.2d 901 (Miss.1987); see also, Smith v. Illinois Central R. Co., 214 Miss. 293, 58 So.2d 812 (1952); and Missouri Pac. R.R. v. Railroad Comm’n of Texas, 850 F.2d 264, 267-268 (5th Cir.1988).
AFFIRMED.
*1284 DAN M. LEE, P.J., and ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.
ROY NOBLE LEE, C.J., and PRATHER, J., not participating.